UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OWEN BEDASEE and SANDIE BEDASEE,

    Plaintiffs,

v().                                        Case No: 2:16-cv-145-FtM-29MRM

OCWEN LOAN SERVICING, LLC, HSBC BANK USA NATIONAL ASSOCIATION, as Trustee under the pooling and servicing agreement dated as of November 1, 2005 Fremont Home et al, DOES 1-100, TRUSTEES 1-100, FREMONT HOME LOAN TRUST 2005-D, and SGGH LLC, as successor in interest to Fremont Investment & Loan Company,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant SGGH, LLC's ("SGGH") Motion to Dismiss (Doc. #25) filed on November 17, 2016 and defendants HSBC Bank USA, National Association, as trustee for Fremont Home Loan Trust 2005-D, Mortgage-Backed Certificates, Series 2005-D Successor in Interest to Fremont Investment & Loan Company ("HSBC") and Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss (Doc. #38) filed on December 19, 2016. Plaintiffs filed responses in opposition. (Docs. ##41, 42.) For the reasons set forth below, defendants' motions are granted and plaintiffs' case is dismissed for lack of subject-matter jurisdiction.

I.

This case involves another attempt by plaintiffs to litigate their dissatisfaction with the underlying state court foreclosure proceedings. Owen and Sandie Bedasee were plaintiffs in two prior cases against Fremont Investment & Loan Co., seeking relief under the same general allegations that are alleged in the First Amended Complaint. See Bedasee v. Fremont Investment & Loan et al., 2:09-cv-111-29SPC; 2:16-cv-576-38MRM. Both cases were dismissed under the Rooker-Feldman doctrine *inter alia*. Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In addition, plaintiffs have unsuccessfully attempted to remove the underlying foreclosure complaint to this Court on four prior occasions. See Fremont Investment & Loan Co. v. Bedasee et al., 2:16-cv-268-38MRM; 2:15-cv-501-29MRM; 2:16-cv-740-38MRM; 2:17-cv-129-29MRM. In each instance, the cause was remanded to state court for lack of subject-matter jurisdiction due in part to the Rooker-Feldman doctrine.[1]

Briefly[2], the underlying foreclosure complaint was originally filed in Collier County Circuit Court on February 22, 2008, seeking

---

[1] Owen and Sandie Bedasee have also attempted to remove another foreclosure complaint filed by National City Bank to this Court on two occasions. See National City Bank v. Bedasee et al., 2:16-cv-555-29MRM; 2:17-cv-31-99CM. Both cases were remanded to state court for lack of subject-matter jurisdiction based on the Rooker-Feldman doctrine.

[2] The procedural history is otherwise set forth in Fremont

to foreclose on a $444,000 purchase money mortgage on real property located in Naples, Florida. (Doc. #22.) Within four months, the state court granted summary judgment against plaintiffs, entered final judgment of foreclosure, and scheduled the foreclosure sale. The sale was cancelled and rescheduled numerous times upon motion by plaintiffs and eventually took place on June 10, 2009. A Certificate of Sale was filed the same day.

Since the foreclosure, plaintiffs have been challenging the foreclosure judgment. They appealed several times to the Florida Second District Court of Appeal and Florida Supreme Court to no avail. They also filed claims and attempted removal to this Court challenging the foreclosure. The instant case is the latest installment in plaintiffs' quest to defeat the state court foreclosure judgment. In all fifteen counts[3] of the Amended Complaint, plaintiffs seek declaratory relief restoring their rights to the Naples property and essentially undermining the foreclosure judgment entered by the state court. (Doc. #22.)

---

Investment & Loan Co. v. Bedasee et al., 2:15-cv-501-29MRM.

[3] Count I: Denial of Procedural Due Process; Count II: Misrepresentation/Fraud against the foreclosure court and against plaintiffs; Count III: Fraudulent Inducement; Count IV: Slander of Title; Count V: Fraudulent Conversion of Title; Count VI: Violation of the Fair Debt Collection Practice Act; Count VII: Unjust Enrichment; Count VIII: Set Aside Trustee's Foreclosure Sale and Certificate of Title; Count IX: Breach of Contract; Count X: Negligence; Count XI: Breach of Fiduciary Duty; Count XII: Violations of Plaintiffs' Rights – 42 U.S.C. § 1983; Count XIII: Denied Equal Protection Under the Law – 42 U.S.C. § 1983; Count XIV: Violation of 18 U.S.C. § 1961-69 (RICO); Count XV Violation of 15 U.S.C. § 1601 (TILA). (Doc. #22.)

Defendants argue that the Court has no jurisdiction to relieve plaintiffs of the underlying judgment.[4]  (Docs. ##25, 38.)

**II.**

The Rooker-Feldman doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  Under the Rooker–Feldman doctrine, "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."  Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009).  Accordingly, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with

---

[4] Defendant SGGH also asserts the Amended Complaint should be dismissed for insufficient service of process.  (Doc. #25.)  In response, plaintiffs admit that they "personally sent a package with the original Summons, received from the Court and a copy of Plaintiffs' Complaint as it relates to this instant matter by means of FEDERAL EXPRESS . . . to Mr. Armadno Arevalo[.]"  (Doc. #41, p. 15.) Thus, it appears, service has not been conducted properly and dismissal of SGGH is also appropriate pursuant to Fed. R. Civ. P. 12(b)(4) and (5).

a state court judgment if plaintiff had a reasonable opportunity to raise those claims in the state proceedings. Goodman, 259 F.3d at 1332; Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000); Amos v. Glynn Cty. Bd. of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003). A claim is inextricably intertwined with the state court adjudication when federal relief can only be predicted upon a finding that the state court was wrong. Goodman, 259 F.3d at 1332.

### III.

The claims alleged in the Amended Complaint are premised entirely on the allegations that the foreclosure proceedings and final judgment from the underlying state court action were improper. (Doc. #22.) Plaintiffs demand equitable relief and damages that can only be predicated upon a finding that the state court's final judgment should be nullified. Therefore, plaintiffs' claims are inextricably intertwined with the state court proceeding.

Plaintiffs have been on notice that the Court lacks subject-matter jurisdiction over these cases for years but continue attempts to litigate in federal court. As the Court set forth in its prior Orders based upon the same underlying complaint for foreclosure, the relief sought in the underlying complaint has been granted, rejected, or otherwise concluded in the state court, and cannot now be re-litigated or revisited in federal court. See

<u>Fremont Investment</u>, 2:09-cv-111-29SPC (Doc. #39); 2:16-cv-268-38MRM (Doc. #13); 2:15-cv-501-29MRM (Doc. #14); 2:16-cv-740-38MRM (Doc. #8); 2:16-cv-576-38MRM (Doc. #30) 2:17-cv-129-38MRM (Doc. #6). Therefore, the Court finds that it continues to lack subject-matter jurisdiction over this case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant SGGH, LLC's Motion to dismiss (Doc. #25) is **GRANTED.**

2. Defendants HSBC Bank USA, National Association, as trustee for Fremont Home Loan Trust 2005-D, Mortgage-Backed Certificates, Series 2005-D Successor in Interest to Fremont Investment & Loan Company and Ocwen Loan Servicing, LLC's Motion to Dismiss (Doc. #38) is **GRANTED.**

3. The Clerk is directed to enter judgment accordingly, terminate all pending motions and deadline and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this __27th__ day of March, 2017.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record